**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT WARD CADY,

       Plaintiff,                      CASE NO: 07-CV-11369

v.                                   DISTRICT JUDGE THOMAS L. LUDINGTON
                                       MAGISTRATE JUDGE CHARLES E. BINDER

COUNTY of ARENAC, *et al.,*

       Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY**
(Dkt. 9)

> This order is entered under the authority given to this Magistrate
> Judge by an Order of Reference issued by District Judge Thomas
> L. Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

On at least two occasions during Plaintiff's deposition, Plaintiff's counsel instructed him not to answer questions, citing the attorney-client privilege.[1] Defendants in this civil rights case seek an order compelling Plaintiff to answer deposition questions relating to discussions Plaintiff had with his criminal defense attorney prior to Plaintiff's signing of a Deferred Prosecution Agreement ("the Agreement"), at least one portion of which Plaintiff now contends violates his First Amendment rights.[2] Plaintiff opposes the motion, arguing that the questioning sought by Defendant violates the attorney-client privilege.

During oral argument, counsel for Defendants noted that, contemporaneous with the filing of this motion, he filed a Request to Admit seeking to learn whether Plaintiff believed he signed the Agreement voluntarily. Plaintiff filed a timely response, confirming his contention that he signed the Agreement involuntarily. Pointing to this response, as well as to *Livingstone v. North Belle Vernon Borough*, 91 F.3d

---

[1] *See* Dkt 12 at Ex. 7.

[2] Plaintiff was represented by counsel when he signed the Deferred Prosecution Agreement, wherein he agreed to the dismissal of then-pending assault and battery charges against him, subject to a series of conditions. The disputed condition provides that if Plaintiff "pursues any claims or remedies against the victims or other participants pertaining to the incidents relative to this matter, People will reissue charges." (Dkt. 9 at 2.)

515 (3rd Cir. 1996), Defendants argue that Plaintiff has effectively waived the attorney-client privilege, and that in order to properly respond and defend against Plaintiff's allegations, counsel for Defendants must be able inquire into discussions Plaintiff had with his criminal defense counsel prior to his approval of the Agreement.

Plaintiff vigorously opposes the motion, arguing that the questioning sought by Defendant violates the attorney-client privilege. Counsel for Plaintiff strenuously maintains that the questioning sought by Defendants goes to the heart of the privilege by seeking details of the confidential discussions between attorney and client which resulted in a pivotal decision that fundamentally altered the course of the criminal prosecution against Plaintiff.

Both parties and their respective papers correctly cite and describe the principles underlying attorney-client privilege and they need not be repeated here. Furthermore, both parties agree that a fundamental issue in this litigation is the propriety and enforceability of the Deferred Prosecution Agreement. While this issue is not presently before me, I note that the Supreme Court has laid out the principles guiding the determination of this issue in *Town of Newton v. Rumery,* 480 U.S. 386, 107 S. Ct. 1187, 94 L. Ed. 2d 405 (1987), and *Cain v. Darby Borough,* 7 F.3d 377 (3d Cir. 1993) (en banc). More importantly for the purposes of this motion, the response to the Request to Admit, buttressed by Plaintiff counsel's oral argument, make clear that Plaintiff has also placed the voluntariness of his signature at issue.

After review and consideration of the arguments made by both parties as well as the authorities upon which each rely, I conclude that *Livingstone, supra,* is on point as to the issue presently before this Court and should properly control the outcome of the instant motion. In *Livingstone*, the Third Circuit faced precisely the same issue raised by counsel in this case. There, the plaintiffs argued that a release-dismissal agreement violated their constitutional rights, was unenforceable, and was executed involuntarily. As in this case, the plaintiffs invoked the attorney-client privilege and the defendants maintained that the deposition of the plaintiffs' criminal defense counsel was necessary to their defense.

After discussing *Rumery* and *Cain* at length, the court unequivocally held that by placing the voluntariness of their actions at issue, Plaintiffs waved the attorney-client privilege:

> "The attorney-client privilege is waived for any relevant communication if the client asserts as a material issue in a proceeding that: (a) the client acted upon the advice of a lawyer or that the advice was otherwise relevant to the legal significance of the client's conduct." *Restatement of the Law Governing Lawyers* § 130(1) (Final Draft No. 1, 1996); *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("[A] party can waive the attorney client privilege by asserting claims that put his or her attorney's advice in issue in the litigation."). The Livingstones' complaint states that Washington Township "may seek to assert as a possible defense a purported agreement not to sue and/or release," but that the Township "will not be able to sustain its burden that the same was entered into in a knowing and voluntary fashion." App. at 21. The complaint goes on to state that the agreement was not "knowing" because "[p]laintiffs, at the time, were unaware that the same could be interpreted as foregoing a damage claim. They specifically were unaware of the precise extent of any claimed waiver." App. at 22. The Livingstones made similar claims before the district court and on appeal.
>
> Mrs. Livingstone was represented by counsel at her criminal trial; her attorney played a central role in the negotiation of the release-dismissal agreement. Under *Rumery*, the advice of counsel is an explicit, and important, element of the voluntariness analysis. *See Rumery*, 480 U.S. at 394, 107 S. Ct. at 1192-93; *id.* at 401, 107 S. Ct. at 1196 (O'Connor, J., concurring) (citing, as one of the factors bearing on the enforceability of a release-dismissal agreement, "importantly, whether the defendant was counseled"). Mrs. Livingstone's assertion that she did not appreciate the release-dismissal agreement's legal implications is tantamount to a claim that her attorney did not give her accurate legal advice. It would be unfair to allow her to make this claim without permitting the opposing parties to investigate her attorney's version of the relevant events. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied*, 502 U.S. 813, 112 S. Ct. 63, 116 L. Ed. 2d 39 (1991) (holding that a party who asserts a claim that "in fairness requires examination of protected communications" thereby waives the attorney-client privilege as to those communications). In the terms of the draft Restatement, Mrs. Livingstone has effectively asserted that the advice provided to her by her attorney is "relevant to the legal significance of [her] conduct." Accordingly, we find no error in the district court's ruling that the attorney-client privilege had been waived.

91 F.3d at 537 (footnotes omitted.)

As in *Livingstone*, Plaintiff, through his response to Defendants' requests to admit, has explicitly placed voluntariness at issue. Again as in *Livingstone*, Plaintiff's allegations that he signed the Agreement involuntarily "are tantamount to a claim that [his] attorney did not give [him] accurate legal advice." *Id*. Moreover, the cases make clear that the burden is on Defendant. I can therefore come to no other conclusion but that by challenging the Deferred Prosecution Agreement as well as the voluntariness of his

own signature thereupon, Plaintiff, in the words of *Livingstone* "has effectively asserted that the advice provided to [him] is 'relevant to the legal significance of [his] conduct.'" *Id*. As in *Livingstone*, I further conclude that "[i]t would be unfair to allow [Plaintiff] to make this claim without permitting the opposing parties to investigate [his] attorney's version of the relevant events." Id.

Counsel for Plaintiff dismisses *Livingstone* as distinguishable. While it is true that neither the Sixth Circuit nor this Court follow the enforceability test announced in *Livingstone, see Burke v. Johnson,* 176 F. 3d 276 (6th Cir. 1999), *Oliver v. City of Berkley,* 261 F. Supp.2d 870 (E.D. Mich. 2003), neither the Sixth Circuit nor this Court directly faced the privilege issue raised in this motion. In addition, Sixth Circuit cases concerning implied waiver of the attorney-client privilege do lend support to the relevant holding in *Livingstone. See*, *In Re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005)( "The privilege may be implicitly waived by claiming ineffective assistance of counsel or otherwise raising issues regarding counsel's performance...in the habeas context, courts have found implied waiver of these privileges when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'...To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case."); *Cooper v. United States*, 5 F.2d 824, 825 (6th Cir. 1925)(where plaintiff challenged attorney advice to plead guilty "[t]he rule which forbids an attorney from divulging matters communicated to him by his client in the course of professional employment...may be waived...when a client, in attempting to avoid responsibility for his acts...divulges in his testimony what he claims were communications between himself and his attorney, and especially when his version of what transpired reflects upon the attorney, the reason for the rule ceases to exist, and the attorney is at liberty to divulge the communications about which the client has testified.").

I therefore conclude that under the circumstances presented, Plaintiff has waived the attorney-client privilege and counsel for Defendants may depose both Plaintiff and his criminal defense attorney regarding the substance of the discussions which led to Plaintiff's signing of the Deferred Prosecution Agreement. Accordingly, Defendants' Motion to Compel is **GRANTED**.

These findings neither express nor imply any conclusions regarding the voluntariness, enforceability, or constitutionality of the Deferred Prosecution Agreement at issue in this case. Nor should these findings imply any criticism of either Plaintiff's counsel's invocation of the privilege or her repeated instructions to Plaintiff not to answer certain questions, all undertaken during the rapid-fire give-and-take of a discovery deposition.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: November 27, 2007              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Patrick Aseltyne, Jason Kolkema and Victor Mastromarco, and served on District Judge Ludington in the traditional manner.

Date: November 27, 2007          By     s/Jean L. Broucek
                                             Case Manager to Magistrate Judge Binder