UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WARD CADY,

        Plaintiff,

v.

        Case Number 07-11369-BC
        Honorable Thomas L. Ludington

COUNTY OF ARENAC,
CURTIS G. BROUGHTON, *an individual*
*and in his official capacity as Arenac County*
*Prosecutor*,

        Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION
## TO MAGISTRATE JUDGE'S GRANT OF DEFENDANTS' MOTION TO COMPEL
## AND CANCELLING HEARING

On March 28, 2007, Plaintiff Robert Cady filed suit against Defendants County of Arenac and its prosecutor, Curtis Broughton, for an alleged violation of 42 U.S.C. § 1983, based on a purported First Amendment retaliation. Plaintiff maintains that he previously faced state criminal charges and that he entered into a deferred prosecution agreement to dismiss those charges, in exchange for him meeting certain conditions. One condition stated that charges would reissue against Plaintiff if he pursued civil claims against persons allegedly involved in the underlying criminal incident. After Plaintiff thereafter filed a civil suit against at least some of those parties, the charges against him were reinstated and Defendant Broughton prosecuted him, although a jury acquitted Plaintiff in those proceedings.

On October 27, 2007, Defendants filed a motion to compel Plaintiff to respond to deposition inquiries regarding the circumstances under which he executed the deferred prosecution agreement. During his deposition, Plaintiff asserted the attorney-client privilege and declined to answer

questions regarding the timing of his retention of criminal defense counsel and the timing of communications with that counsel. Defendants' counsel expressly stated, twice, that the inquiry was not as to the content of Plaintiff's discussions with his criminal defense counsel, but Plaintiff continued to assert the attorney-client privilege. Plaintiff opposed the motion, arguing that he did not waive the attorney-client privilege, because he has challenged the validity of the deferred prosecution agreement.

After this Court referred Defendants' motion to compel to Magistrate Judge Charles E. Binder, the magistrate judge granted the motion. Now before the Court is Plaintiff's objection to that order.

Plaintiff timely filed an objection to the magistrate judge's order. Defendant has filed a response. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

28 U.S.C. § 636(b)(1)(A) permits a district court to refer to a magistrate judge a non-dispositive pretrial motion, and the district court can reconsider the magistrate judge's order if it is "clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a) provides further detail as to the procedure for challenging a magistrate judge's decision, by permitting a party ten days to object. Then, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to law*." *Id*. (emphasis added); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citations omitted).

Based on the standard of review under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), Plaintiff has not shown clear error or a decision contrary to law by the magistrate judge. Whether Plaintiff was represented by counsel and the extent to which Plaintiff was fully informed by counsel of the consequences of entering into the deferred prosecution agreement will inform on a showing that the agreement was voluntary.

The legitimacy of a release-dismissal agreement, i.e., an agreement to dismiss criminal charges if the defendant releases his or her right to pursue a civil action, turns on whether "(1) [the agreement] was entered into voluntarily; (2) there is no evidence of prosecutorial misconduct; and (3) the enforcement furthers the public interest." *MacBoyle v. City of Parma*, 383 F.3d 456, 459 (6th Cir. 2004). The Sixth Circuit has adopted at least four factors for determining whether a person voluntarily signed a release-dismissal agreement: "(1) the sophistication of the criminal defendant; (2) whether the defendant was in custody when he made the agreement; (3) whether the defendant was represented by counsel who drafted the agreement; and (4) whether the defendant had ample time to consider the agreement before signing it." *Hill v. City of Cleveland*, 12 F.3d 575, 578 (6th Cir. 1993) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 394 (1987)).

Here, the questions, that Plaintiff declined to answer on the basis of privilege, pertain to assessing the voluntariness of his assent to the agreement. Facts related to when he had the representation of counsel, when he had communication with counsel, and the temporal relationship of such representation and communication to his agreement to a release-dismissal issue inform on the propriety of the agreement and, thus, a showing of the violation that Plaintiff alleges Defendants committed. Consequently, Plaintiff has not shown that the magistrate judge clearly erred or ruled contrary to law. On this basis, the Court will overrule Plaintiff's objection to the magistrate judge's

decision.

Accordingly, it is **ORDERED** that Plaintiff's objection to the magistrate judge's grant of Defendants' motion to compel [dkt #14] is **OVERRULED**. Consistent with the magistrate judge's grant of Defendants' motion, Plaintiff shall be compelled to respond to deposition questions regarding when Plaintiff communicated with his criminal defense counsel about those proceedings and what Plaintiff directed that attorney to relate to the assistant prosecutor after reviewing the deferred prosecution agreement.

It is further **ORDERED** that the hearing scheduled for **January 15, 2008** at 2:30 p.m. is **CANCELLED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 14, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS